1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| PABLO CHAVEZ, | Case No.  1:15-cv-01612-LJO-SAB (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | (ECF No. 5) |
| Defendants. | THIRTY-DAY DEADLINE |

9
10
11
12
13

14    Plaintiff Pablo Chavez is a state prisoner proceeding pro se and in forma pauperis in this
15  civil action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's complaint,
16  filed November 18, 2015.

17                                                              **I.**

18                                       **SCREENING REQUIREMENT**

19    The Court is required to screen complaints brought by prisoners seeking relief against a
20  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
21  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
22  legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or
23  that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §
24  1915(e)(2)(B).

25    A complaint must contain "a short and plain statement of the claim showing that the
26  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
27  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
28  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is of Mexican American ancestry and is in the custody of the California Department of Corrections and Rehabilitations ("CDCR").  (Compl. ¶ 189, ECF No. 5.)  In April 2011, Plaintiff was transferred from Corcoran State Prison to Pleasant Valley State Prison ("PVSP").  (Id. at ¶ 190.)  Soon after arriving at PVSP Plaintiff became ill and was diagnosed with Valley Fever on June 6, 2011.  (Id. at ¶¶ 191, 192.)  Plaintiff brings this action against former Secretary of the CDCR Matthew Cate; Chief Deputy Secretary of Facilities Planning, Construction, and Management Deborah Hysen; former Director of Division of Adult Operations Susan L. Hubbard; Medical Director at PVSP Felix Igbinosa; Receiver J. Clark Kelso; former Chief Deputy Secretary of Adult Institutions Scott Kernan; Senior Chief of Facilities, Planning, Construction, and Management Chris Meyer; former Director of Adult Institutions Teresa Schwartz; former Chief of Classification Services Tanya Rothchild; former Governor Arnold Schwarzenegger; former Receiver Robert Sillen; former Secretary of the CDCR James Tilton; former Medical Director of the CDCR Dwight Winslow; and former Warden of PVSP James A. Yates alleging deliberate indifference in violation of the Eighth Amendment.  (Id. at ¶ 195.)

**III.**

**DISCUSSION**

As discussed above, Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint is neither short nor plain. Plaintiff's complaint is one hundred and three pages long. While the Court considers that Plaintiff must set forth sufficient factual allegations in this action sufficient to show that the defendants had knowledge of the alleged risk, from review of the complaint, it is apparent that Plaintiff has thrown in everything including the "kitchen sink" in an attempt to state a claim.

Plaintiff sets forth a series of events that occurred from the 1960's to 2013. Plaintiff alleges that he contracted Valley Fever in 2011 and any allegations regarding knowledge of the risk of Valley Fever beyond this time is irrelevant. Further, Plaintiff's complaint contains duplicate and redundant allegations that make it unnecessarily difficult to screen the complaint. It is Plaintiff's responsibility to tie the allegations in the complaint to the individual defendants and he must do this in a simple, concise, and direct manner. The Court shall require Plaintiff to file an amended complaint that complies with Rule 8.

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). Although Plaintiff alleges that he was denied medical care, the complaint does not contain any factual allegations to state a plausible claim nor is a denial of medical care claim included as a count in the complaint.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8. It is Plaintiff's job, not the

1  Court's, to state a claim for each defendant.

2       As far as the Court is able to discern, Plaintiff is attempting to bring claims for violation

3  of the Eighth Amendment due to transferring him to PVSP where he contracted Valley Fever and

4  denial of medical care.   Accordingly, Plaintiff shall be provided for the legal standards that

5  would apply to these claims.

6       **A.**    **Linkage Under Section 1983**

7       Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

8  other federal rights by persons acting under color of state law.   <u>Nurre v. Whitehead</u>, 580 F.3d

9  1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006);

10  Jones, 297 F.3d at 934.   To state a claim, Plaintiff must demonstrate that each defendant

11  personally participated in the deprivation of his rights.   <u>Iqbal</u>, 556 U.S. at 678-79; <u>Simmons v.</u>

12  <u>Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588

13  F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.   In other words, to state a claim for

14  relief under section 1983, Plaintiff must link each named defendant with some affirmative act or

15  omission that demonstrates a violation of Plaintiff's federal rights.

16       **B.**    **Supervisory Liability**

17       Liability may not be imposed on supervisory personnel for the actions or omissions of

18  their subordinates under the theory of respondeat superior.   <u>Iqbal</u>, 556 U.S. at 676-77; <u>Simmons</u>,

19  609 F.3d at 1020-21; <u>Ewing</u>, 588 F.3d at 1235; <u>Jones</u>, 297 F.3d at 934.   Supervisors may be held

20  liable only if they "participated in or directed the violations, or knew of the violations and failed

21  to act to prevent them."   <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); accord <u>Starr v.</u>

22  <u>Baca</u>, 652 F.3d 1202, 1205-06 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir.

23  2009).

24       **C.**    **Deliberate Indifference**

25       The Eighth Amendment protects against cruel and unusual punishment.   U.S. Const.

26  amend. VIII.   To constitute cruel and unusual punishment in violation of the Eighth Amendment,

27  prison conditions must involve "the wanton and unnecessary infliction of pain."   <u>Rhodes v.</u>

28  <u>Chapman</u>, 452 U.S. 337, 347 (1981).   A prisoner's claim does not rise to the level of an Eighth

1   Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

2   civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate

3   indifference in doing so.' " Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

4   Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

5          The Eighth Amendment's prohibition against cruel and unusual punishment protects

6   prisoners not only from inhumane methods of punishment but also from inhumane conditions of

7   confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.

8   Brennan, 511 U.S. 825, 847 (1994) and Rhodes, 452 U.S. at 347) (quotation marks omitted).

9   While conditions of confinement may be, and often are, restrictive and harsh, they must not

10  involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing

11  Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of

12  legitimate penological purpose or contrary to evolving standards of decency that mark the

13  progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045

14  (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452

15  U.S. at 346.  In order to state a claim for violation of the Eighth Amendment, the plaintiff must

16  allege facts sufficient to support a claim that prison officials knew of and disregarded a

17  substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Frost v. Agnos,

18  152 F.3d 1124, 1128 (9th Cir. 1998).

19         While the Eighth Amendment of the United States Constitution entitles inmates to

20  medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

21  indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th

22  Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th

23  Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  To

24  state a claim under the Eighth Amendment for denial of medical care, Plaintiff "must show (1) a

25  serious medical need by demonstrating that failure to treat [his] condition could result in further

26  significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's

27  response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439

28  F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a

1  prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm,

2  680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective

3  recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation

4  and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

5        **D.**    **Joinder**

6        Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed.

7  R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v.

8  Smith, 507 F.3d 605, 607 (7th Cir. 2007).   Plaintiff may bring a claim against multiple

9  defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of

10  transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ.

11  P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v.

12  Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants

13  are properly joined under Rule 20(a) will the Court review the other claims to determine if they

14  may be joined under Rule 18(a), which permits the joinder of multiple claims against the same

15  party.

16        As Plaintiff's amended complaint must comply with Rule 18(a) and 20, the Court finds

17  that twenty-five pages is sufficient for Plaintiff to raise his claims in this action.  Accordingly, if

18  Plaintiff chooses to amend the complaint, the amended complaint may not exceed twenty-five

19  pages in length (double spaced in 12 point or similar font), and it will be stricken from the record

20  if it violates this page limitation.

21                                           **IV.**

22                 **CONCLUSION AND ORDER**

23        Plaintiff's complaint does not comply with the Federal Rules of Civil Procedure.

24  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson,

25  809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

26  adding new, unrelated claims in his amended complaint.   George, 507 F.3d at 607 (no

27  "buckshot" complaints).

28        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed November 18, 2015, is dismissed for failure to comply with the Federal Rules of Civil Procedure;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff's amended complaint shall not exceed twenty-five pages in length; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 7, 2015**

UNITED STATES MAGISTRATE JUDGE