# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO CHAVEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No.  1:15-cv-01612-LJO-SAB (PC)<br><br>ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 12)<br><br>THIRTY DAY DEADLINE |

Plaintiff Pablo Chavez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 3, 2016, Plaintiff filed an amended complaint.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## AMENDED COMPLAINT ALLEGATIONS

Plaintiff brings this action against James A. Yates who is the former Warden of Pleasant Valley State Prison ("PVSP") alleging cruel and unusual punishment in violation of the Eighth Amendment. (Am. Compl. 2, 3, ECF No. 12.[1]) A few days after arriving at PVSP, Plaintiff began having headaches. (Id. at 3.) In April 2011, Plaintiff put in a medical form. (Id.) Plaintiff was suffering from skin lesions, fever, shortness of breath, and wheezing, coughing up blood, chest pain, chills and night sweats, nausea, weight loss, burning sensations in his feet and ankles, chronic exhaustion, joint pain and stiffness, head and neck pain, and visions problems. (Id.) Plaintiff submitted a second medical form in May 2011. (Id.) Plaintiff forwarded another medical form in early June. (Id.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

Plaintiff was seen on April 20. (Id. at 3.) On June 7, 2011, Plaintiff began receiving treatment for Valley Fever. (Id. at 4.) Plaintiff improved in October. (Id.) Plaintiff alleges that he was never informed of Valley Fever and has a right to be protected from the disease. (Id.)

Plaintiff put in another medical form because he was having Valley Fever symptoms and night sweats. (Id.) He was told that he was Valley Fever negative, asked if he was on meth, and treated as a druggy. (Id.) Plaintiff was sent to a psychologist because he had been imagining things in the last quarter of 2015 at Centinela State Prison. Id. Plaintiff contends that it is impossible for him to be negative for Valley Fever. (Id.)

Defendant Yates was the former warden at PVSP from 2005 until 2011. (Id. at 11.) Defendant Yates became aware of the Valley Fever epidemic at PVSP by an August 3, 2006 memorandum sent to all wardens that discussed the problem and established an exclusion policy. (Id.) A January 12, 2007, memorandum from the California Department of Health recommended that high risk groups such as African-Americans and Filipinos should be excluded from the area. (Id.) Defendant Yates responded that "PVSP has identified inmates that are high risk due to pulmonary conditions and heavily immunosuppressed patients." (Id.)

Defendant Yates did not implement recommended remedial procedures at PVSP such as installing ground cover. (Id.) Not until 2011 was a two year sealant applied to the soil at PVSP. (Id.) Plaintiff is seeking monetary damages. (Id. at 5.)

For the reasons discussed herein, Plaintiff's amended complaint fails to state a cognizable claim upon which relief can be granted. Plaintiff shall be granted an opportunity to file an amended complaint to correct his pleading deficiencies.

### III.

### DISCUSSION

To constitute cruel and unusual punishment in violation of the Eight Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' "and (2) "the prison official 'acted with deliberate indifference in doing so.'

" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards and excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Until recently, courts have consistently found that mere confinement in a location where Valley Fever is prevalent fails to pose an excessive risk of harm. Jones v. Hartley, No. 1:13-cv-01590-AWI-GSA-PC, 2015 WL 1276708, *2 (E.D. Cal. March 19, 2015) ("no courts have found that exposure to Valley Fever spores at the level experienced by the community at large presents an "excessive risk" to inmate health"); Williams v. CDCR, No. 1:14-cv-01912-JLT (PC), 2015 WL 6669816, at *3 (E.D. Cal. 2015) ("Unless there is something about a prisoner's conditions of confinement that raise the risk of exposure substantially above the risk experienced by the surrounding community, it cannot be said that the prisoner is forcibly and knowingly exposed to a risk the society would not tolerate to meet the objective component of a claim under the Eighth Amendment."); Montano v. Adams, No. 1:15-cv-0-452 DLB PC, 2016 WL 310175, at *3 (E.D. Cal. 2016) (inmate cannot state a claim under the Eighth Amendment based solely on the exposure to and contractions of Valley Fever); Hines v. Yousseff, No. 1:13–cv–00357–AWI–JLT, 2015 WL 164215, *5 (E.D. Cal. Jan.13, 2015) ("unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate"); but c.f. Beagle v. Schwarzeneger, 107 F.Sup.3d 1056, (E.D. Cal. 2014) (finding that mere exposure to Valley Fever is sufficient to state a claim); Jackson v. Davey, No. 1:14-cv-1311-LJO-MJS (PC), 2015 WL 3402992, at *5 (E.D. Cal. 2015) ("Plaintiff no longer needs to allege particularly susceptibility to Valley Fever; mere exposure is sufficient to state a claim.").

As this Court has previously addressed, a large portion of the population of the San Joaquin Valley lives in areas which place them at a relatively high risk of contracting Valley Fever. See Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB, 2015 WL 2414743, at *18-19 (E.D. Cal. 2015). Unless there is something about Plaintiff's conditions of confinement that

raises his risk of exposure substantially above the risk experienced by the surrounding community, it cannot be said that he is forcibly and knowingly exposed to a risk the society would not tolerate. Therefore, merely being confined in an area in which Valley Fever spores are present does not meet the objective component of a claim under the Eighth Amendment.

Plaintiff has failed to allege any facts that would show his risk of contracting Valley Fever is greater than that of the surrounding community. Therefore, Plaintiff has failed to state a plausible claim for violation of the Eighth Amendment.

Further, there is no respondeat superior liability under section 1983, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff fails to include any allegations from which the Court can infer that Defendant Yates was deliberately indifferent to the risk of Valley Fever. As Plaintiff alleges, "PVSP has identified inmates that are high risk due to pulmonary conditions and heavily immunosuppressed patients." (ECF No. 12 at 11.) Plaintiff has not alleged any facts from which the Court can infer that Defendant Yates was deliberately indifferent to the risk of exposure to the spores that cause Valley Fever.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's amended complaint, filed February 3, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 5, 2016**

UNITED STATES MAGISTRATE JUDGE